**CALVERT DISTILLERS COMPANY, a division of the House of Seagram, Inc., a Delaware Corporation, Plaintiff,**

**v.**

**Frank A. WISH, d/b/a Foremost Liquors, et al., Defendants.**

**No. 57 C 605.**

United States District Court
N. D. Illinois, E. D.

Nov. 14, 1957.

Order Affirmed Sept. 8, 1958.

Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Louis A. Kohn and Patrick W. O'Brien, Chicago, Ill., for plaintiff.

Schultz, Biro & Karmel, Louis L. Biro, Robert Karmel, Chicago, Ill., for defendants.

IGOE, District Judge.

Upon hearing and briefs of the parties under the consolidated cause, plaintiff seeks preliminary injunctions against nineteen retail liquor dealers, being non-fair trade contract customers of plaintiff, to whom, over a substantial past period of time, plaintiff has been selling its fair traded name brand products for sale at retail. Defendants admit from time to time plaintiff notified them of their fair traded retail prices which were urged to be maintained, but, nevertheless, individually and collectively at various times, in disregard thereof, have advertised and sold the fair traded brands for a lesser price. Plaintiff's position is, unless restrained by the preliminary injunction, irreparable injury will result, as such continued practice will not only destroy the dealer organization of plaintiff, which dealers are under written contracts to maintain the established prices, but also, on past experience, within four to six months the demand for such products will lessen by 40 to 50 per cent of present sales, and will ultimately destroy the market of such products.

Plaintiff's evidence, with some amplification as to irreparable injury and damage, is basically similar to Seagram Distillers Corporation v. New Cut-Rate Liquors, Inc., 221 F.2d 815, decided April 4, 1955, by the Seventh Circuit Court of Appeals sustaining the lower court in the issuance of a preliminary injunction in a similar situation. It is these facts and ruling plaintiff now seeks to bring itself under, and also, to meet defendant's objection, has produced testimony of its theory of irreparable and future damages in the jurisdictional amount of $3,000 as required by ruling of this Circuit Court of Appeals in the same case on May 23, 1957, 7 Cir., 245 F.2d 453, in which certiorari has been denied. 355 U.S. 837, 78 S.Ct. 61, 2 L.Ed.2d 48. Such evidence is based upon testimony of past experience and shows no actual but an estimated threatened loss of approximately 40 to 50 per cent of 7,500 cases of plaintiff's products a month with a gross profit of $7.50 per case, which plaintiff contends is the threatened loss and meets defendants' objection of lack of the jurisdictional amount.

■■ Injunctive relief, whether temporary or permanent, is not a matter of right but rests in the sound discretion of the court under the particular facts and circumstances and must be exercised cautiously. There is some latitude in temporary injunctions which may be granted to preserve the status quo where questions are grave and injury to the plaintiff certain, substantial and beyond repair, which if denied will cause irreparable injury and damage, and further, if the final decision be unfavorable to plaintiff, whether defendant can be compensated in money for his inconvenience and loss.

■■ It is the opinion of the court in this cause that it is incumbent upon plaintiff, before seeking the injunctive aid of this court, that to the best of its ability it first exhaust or reduce to the minimum loss the price cutting practice of its non-contract retailers. Such practice in the future could be completely eradicated by the simple expedient of plaintiff refusing to sell its fair traded products to retailers who refuse to enter into its fair trade agreement. It does not see fit to do so, and, consequently, it is a fair assumption plaintiff's predominant intent is to maintain maximum sales volume, accomplished in part by its willingness to sell to non-contract retailers. In so doing it then accepts the risk that its notice of prevailing prices will not be adhered to. Such a course of conduct would place the unwarranted burden on the courts of policing the industry for the benefit of plaintiff, so far as non-contract retailers are involved, which courts are not empowered to do. Violations of either temporary or permanent injunctions are serious and require prompt punishment by fine or imprisonment. Before placing the heavy burden of complying with an injunction order of this character on defendant retailers, whose business is already harassed with legal restrictions and competition, the court should be completely satisfied plaintiff has exhausted its available remedies and is now helpless and bona fide in need of aid of the court. This it has not done and on the state of the record cannot do. Further, from the evidence, in the opinion of the court, no grounds for injunctive relief are here present because plaintiff has an adequate remedy at law, which it has not exercised, by resorting to the provisions for relief under the Illinois Fair Trade Act, S.H.A. ch. 121½, § 188 et seq., the legal prosecution of which, for all practical purposes, would constitute an adequate deterrent to the present and future objectionable practices.

From the evidence, the court makes the following findings of fact and conclusions of law:

1. The court is not satisfied plaintiff has availed itself of the instrumentalities and legal remedies available to it to put an end to the objectionable sale practices by its non-contract retail customers and therefore is not here properly before the court. The conclusion is if plaintiff suffers irreparable injury, it is of its own making and is in no position to here seek injunctive relief under the complaint.

2.  That non-contract retail customers of plaintiff refuse to execute its fair trade contract constitutes present and adequate notice they do not intend to maintain plaintiff's policies. In such case, the alleged injury and resulting damage is occasioned by plaintiff's willful course of conduct as much as defendants', and alleged damage arising therefrom is a matter of law. The court concludes, upon the balancing of the burdens and equities, the injunctive process of this court may not be afforded plaintiff in aid of policing its non-contract retail customers, to whom plaintiff has in the past and in the future intends to continue to sell its products with little hope, based on past experience, its established prices will be maintained.

3.  By reason of the foregoing, no grounds for equitable relief is present and the court lacks the requisite jurisdiction and authority to issue either a temporary or permanent injunction.

The complaint herein is dismissed for want of proper showing of relief at plaintiff's cost.